**Emmett Russell BRANDON, Jr.,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9452.**

United States Court of Appeals
Tenth Circuit.

Aug. 17, 1967.

James E. Culhane, Denver, Colo., for appellant.

Milton C. Branch, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appellant was found guilty of wilfully and knowingly failing to perform a duty required of him under the provisions of the Universal Military Training and Service Act, 50 U.S.C. App. § 462(a). He appeals, asserting the evidence to be insufficient to support conviction.

█ Trial was to the court and the only evidence presented against appellant was his Selective Service file, properly identified as such by the clerk of Local Board No. 12, Grand Junction, Colorado. This file or cover sheet as it is commonly called is required to contain every paper pertaining to the registrant, 32 C.F.R. § 1621.8, and when received in evidence may serve as the evidentiary premise for a judgment of conviction if the official records properly indicate the existence of each element of the offense charged. Parrott v. United States, 9 Cir., 370 F.2d 388, and cases cited.

Appellant, having been classified as a conscientious objector, had been ordered, by mailing to him S.S.S. Form No. 153, "Order to Report for Civilian Work and Statement of Employer," to report to his local board on August 30, 1966, for instructions to proceed to Denver General Hospital and to report for employment accordingly and remain in such employment for twenty-four months. Appellant concedes the admissibility of the file and its probative effect to the extent it contains governmental "official statements" but asserts that the file fails, in this context, to establish the fact that appellant did not report to the Denver General Hospital.

██ Although the trial court found that appellant did not report to the Denver General Hospital [1] and appellant attacks and the government defends such finding, we do not consider the issue de-

1. The only document in the file on this matter is a letter *received* by the local board written on a letterhead of the hospital and signed by one Joe Swirtz, personnel director. The letter states that the registrant did not report to the hospital. Appellant argues that the letter is pure hearsay and not an "official statement" of the board. Since neither the letter nor Swirtz is identified in any way in the record, the argument is not without merit.

terminative of the case. The file contains an official notation and entry made by the clerk of the local board that appellant did not report to the local board for his instructions to proceed to the hospital. The duty of appellant to report to the board was the essence of his requirement under the Act and his failure to so report constitutes the violation charged. If, in fact, appellant had bypassed the board and reported directly to the hospital he could have so shown in defense. He makes no such claim. Other contentions of error have been considered and are without merit.

Affirmed.