100, 13 L.Ed.2d 56; Wood v. United States, 10 Cir., 317 F.2d 736; Smith v. United States, 10 Cir., 273 F.2d 462, cert. denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729. We find no abuse of discretion.

Affirmed.

Joe Cannon, Bethany, Okl., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before PICKETT, HILL and HICKEY, Circuit Judges.

### PER CURIAM.

Bear appeals from a conviction and sentence for bank robbery in violation of 18 U.S.C. § 2113(a) (d). The only assignment of error is that the court erred in not granting a motion for continuance because of the absence of Bear's brother John, alleged to be a material and necessary witness for the defense.

At the hearing on the motion, numerous witnesses were called and it was established that until a short time before the trial, the brother had assisted counsel for the accused in preparing a defense, and then disappeared. The hearing developed little, if any, material evidence concerning the nature of the brother's testimony if available as a witness.

A motion for continuance is addressed to the discretion of the trial court, whose action is not subject to review unless the discretion is abused. Avery v. Alabama, 308 U.S. 444, 450, 60 S.Ct. 321, 84 L.Ed. 377; Franklin v. State of South Carolina, 218 U.S. 161, 168, 30 S.Ct. 640, 54 L.Ed. 981; Leino v. United States, 10 Cir., 338 F.2d 154; Brooks v. United States, 10 Cir., 330 F.2d 757, cert. denied 379 U.S. 852, 85 S.Ct.

**Melvin Lee GOSS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9453.**

United States Court of Appeals
Tenth Circuit.

Aug. 17, 1967.

**134**

Morris B. Hecox, Jr., Denver, Colo., for appellant.

Milton C. Branch, Asst. U. S. Atty., (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge,* and LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant, a member of Jehovah's Witnesses and classified as a conscientious objector, was found guilty of wilfully and knowingly failing to perform a duty required under the Universal Military Training and Service Act, 50 U.S.C. App. § 462(a). He appeals from the judgment of conviction, asserting that the government failed to prove that S.S.S. Form 153, "Order to Report for Civilian Work and Statement of Employer," was ever transmitted to him and that consequently the government failed to prove the element of intent necessary for conviction. See Graves v. United States, 9 Cir., 252 F.2d 878.

Trial was to the court and the only evidence presented by the government was appellant's Selective Service System file properly identified as such. A conviction may be properly premised upon official statements contained in such file. Brandon v. United States, 10 Cir., 381 F.2d 727 decided this day. In the case at bar appellant points to the fact that the summary minutes of the local board, as contained in the file, do not contain an entry showing that Form 153 was mailed to appellant. However, Form 153 itself contains the statement that the form was mailed to appellant on August 4, 1966, and this constitutes an "official statement" to that effect. Absence of an official minute entry might serve to bear upon the probative weight of the entry upon Form 153 but does not constitute a lack of proof. Form 153 carries with it sufficient guaranty of trustworthiness to support conviction when otherwise not challenged. La Porte v. United States, 9 Cir., 300 F.2d 878. Appellant's other contentions are without merit.

Affirmed.

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.