Michael Joyce MAHAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9480.

United States Court of Appeals
Tenth Circuit.

June 14, 1968.

Rehearing Denied Aug. 16, 1968.

Stanley J. Walter, Lakewood, Colo. (on
the brief), for appellant.

Donald E. Cordova, Denver, Colo. (Lawrence M. Henry, U. S. Atty. for District of Colorado and Donald E. Cordova, Asst. U. S. Atty. for District of Colorado, on the brief), for appellee.

Before PHILLIPS, JONES * and LEWIS, Circuit Judges.

JONES, Circuit Judge.

The appellant, Michael Joyce Mahan, was charged with wilfully and knowingly failing to perform a duty required of him under the provisions of the Universal Military Training and Service Act, 50 U.S.C.A. App. Sec. 462(a). At his trial he was without counsel. A verdict of guilty was returned and a sentence of two years imprisonment imposed.

Mahan first registered with his local draft board in Colorado on March 9, 1960. He set forth in several questionnaires and letters the nature and extent of his religious activities as a Jehovah's Witness. He was classified on December 2, 1963, as a minister of religion. This classification, which is designated IV–D, exempts selective service registrants from all military and civilian service.

In August of 1964 and April of 1965, Current Information Questionnaires were sent to Mahan. On the 1965 form, the local board requested Mahan to indicate whether he had received his Pioneer Certificate certifying him as a minister or leader in the Jehovah Witness church. This certificate was not furnished. The board reclassified Mahan on June 4, 1965, as a conscientious objector opposed to combatant and non combatant service in the Armed Forces.[1] This classification, designated I–O, subjects registrants to the possibility of being required to perform specified civilian work in lieu of induction. A draft board file shows that notice of the I–O classification was mailed to Mahan on the same date that he was so classified. On July 29, 1965, Mahan submitted to and passed a pre-induction physical examination.

The local board notified Mahan on November 19, 1965, that his number had been reached for assignment to civilian work in lieu of induction. Subsequently, Mahan received an SSS Form 152 requesting that he indicate three types of civilian work that he would prefer to perform. Because this form was returned to the board without any indication of work preference, a letter dated December 1, 1965, was sent to Mahan listing thirteen approved places of employment and asking that he choose one. In a written response to this request, Mahan told the board that he was a minister, that the work program was not acceptable, and that he could not participate in such a compromise.

In accordance with Selective Service Regulations, 32 C.F.R. 1660.20(c), Mahan was invited to meet with the local board and State Director of the Selective Service System of Colorado to discuss the types of civilian work that he might be willing to perform. Such a meeting took place on December 30, 1965, and Mahan was again given the opportunity to convince the board that he was entitled to a ministerial classification. Mahan's file was reviewed on January 6, 1966. The board denied Mahan's request for a minister's classification and decided not to re-open the I–O classification.[2] At this meeting the board also decided that Mahan should report for civilian work at Denver General Hospital in Denver, Colorado.

On April 26, 1966, a letter was sent to Mahan ordering him to report to the local draft board on May 9, 1966, where he was

---

* of the Fifth Circuit, sitting by designation.

1. No classification is permanent, 32 C.F.R. 1625.1(a) and the board has the right to reopen and consider classifications on the basis of current information. 32 C.F.R. 1625.2.

2. The Selective Service Regulations do not provide for an appeal from the board's decision not to re-open a classification. 32 C.F.R. 1625.4.

to receive instructions to proceed to the Denver General Hospital for civilian duty. Mahan failed to report as required.

On appeal from a conviction for failure to report, Mahan contends that while the evidence may have established a different offense, it did not establish guilt of the crime for which he was indicted. The indictment charged that Mahan:

"Did fail and neglect to comply with an order of his local board to report to said board for instructions to proceed to Denver General Hospital * * *."

Mahan claims that the evidence showed only a failure to report to the hospital, but not a failure to report to the local board.

■ It is true that most of the evidence adduced during the short proceedings in the district court tends to establish Mahan's failure to report to the hospital. There was, however, evidence which proved that he failed to report to the local board. The clerk of the local board, in an official letter to the State Director, stated that Mahan: "Did not report to this board as ordered. * * *" This letter is contained in Mahan's Selective Service System file which was properly identified and introduced into evidence at the trial. Under the principle stated in Goss v. United States, 10th Cir. 1967, 384 F.2d 133, and Brandon v. United States, 10th Cir. 1967, 381 F.2d 727, official statements contained in such a file constitute competent and sufficient evidence to support a verdict, especially where, as here, no conflicting evidence was offered. Consequently, the charge made in the indictment was established by sufficient competent evidence.

It is next urged that the trial judge committed error by preventing Mahan from presenting the defense that the conscientious objector classification was arbitrary and without basis in fact.

When at the trial Government counsel attempted to establish the factual basis of Mahan's I–O classification, the trial judge halted this line of inquiry by stating:

"Well, I was under the impression that in these cases it was immaterial, the basis upon which the Board made its decision, that if the Board came to a conclusion and that no appeal was taken from the Board's determination, that it became final."

Although the record does not indicate that Mahan ever attempted at the trial to establish the lack of basis in fact for the draft board's decision, it will be assumed for purposes of this appeal that the trial court's statement did operate to prevent Mahan from attempting to show that the classification was without basis in fact.

■ Ordinarily, the failure to question a draft board's classification within the administrative processes established by Congress precludes a collateral challenge of that determination in court. Capson v. United States, 10th Cir. 1967, 376 F.2d 814. Here, it is undisputed that Mahan failed to appeal his I–O classification. Therefore, the action of the trial judge must be deemed proper unless exceptional and unusual circumstances caused Mahan's failure to exhaust his administrative remedies. Thompson v. United States, 10th Cir. 1967, 380 F.2d 86; Donato v. United States, 9th Cir. 1962, 302 F.2d 468.

Mahan asserts, and the record seems to support his assertion, that the SSS Form 110 notifying Mahan of his revised classification and of his right to appeal within ten days was not mailed to his then current address. The record does not show, but it is claimed that, as a result of this misdirection, Mahan did not receive notice of his right to appeal until shortly after the ten day appeal period had expired. No appeal was attempted, Mahan states, because he believed that his right to challenge the board's determination had evaporated. It is contended that these events constitute such exceptional and unusual circumstances as to require a relaxation of the exhaustion requirement. See Donato

v. United States, supra. Under the facts of this case, however, this contention can not prevail.

■ As has been noted, Mahan was reclassified I–O on June 4, 1965. After a physical examination indicated that Mahan was acceptable for induction, the draft board notified Mahan on November 19, 1965, that his number had been reached for assignment to civilian work. During this five and a half month period, no appeal was taken, nor was any dissatisfaction with the local board's determination indicated. And, while Mahan complains that his administrative remedies were wrongfully foreclosed, this is not true. The Selective Service Regulations invest the local board with the authority to permit an out-of-time appeal "if it is satisfied that the failure of such person to appeal within such period was due to a lack of understanding of the right to appeal or to some cause beyond the control of such person." 32 C.F.R. 1626.2(d). If Mahan had thought to apprise the local board of either his desire to appeal or of his reasons for failing to appeal in ten days, his position here would be somewhat improved. As it is, appellant unjustifiably failed to exhaust his administrative remedies and was therefore properly precluded by the trial judge from collaterally challenging the I–O classification.

One final point deserves mention. At the trial below, Mahan appeared without counsel. He claims here that his Sixth Amendment right to counsel was violated.

■ Neither the record nor Mahan's brief discloses any factual support for this claim. Indeed, the relevant portion of the record shows that Mahan twice waived his right to counsel. It is also shown that, before doing so, he was apprised of his constitutional rights, that he understood the nature of the charge against him, and that he was aware of the possible penalty therefor. Under these circumstances a competent, voluntary, and intelligent waiver is apparent. No Sixth Amendment violation is shown.

Sandoval v. Tinsley, 10th Cir. 1964, 338 F.2d 48.

For the reasons set forth, the judgment and sentence of the district court must be and are hereby affirmed.