**UNITED STATES of America,**
**Appellee,**

v.

**Kirk Stanton DOWNING, Appellant.**

**No. 71–1327.**

United States Court of Appeals,
Tenth Circuit.

Jan. 27, 1972.

**374**

Joseph Saint-Veltri, Denver, Colo., for appellant.

W. Allen Spurgeon, Asst. U. S. Atty. (James L. Treece, U. S. Atty., and Milton C. Branch, Asst. U. S. Atty., on the brief), for appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This is a direct appeal from a conviction of failure to submit to induction in violation of 50 U.S.C.A.App. § 462(a). The defendant was tried to a jury upon a plea of not guilty.

At trial the government produced one witness, Miss Howard, a clerical assistant at the defendant's local Selective Service Board. Upon objection to the government's inquiry as to what happened on the date the defendant was to have submitted, the government moved to introduce his Selective Service file into evidence. Voir dire on the exhibit revealed that the chief custodian was out of the jurisdiction, that Miss Howard had not been employed the entire period of time during which entries were made, and that she could not be certain personally that the entries were accurate. Accordingly, defendant objected to the admission of his file on the grounds that its admission would violate his right to confrontation under the Sixth Amendment. Further questioning of the witness revealed that she, of course, had no personal knowledge of the defendant's alleged failure to submit to induction. His file contained a letter to the United States Attorney from Major Trambley, the commanding officer of the induction station, reporting, pursuant to appropriate Army regulations, the defendant's failure to submit. While the record does not disclose whether Major Trambley personally witnessed the events, the letter lists the names and addresses of three persons who did. The defendant did not testify and produced no witnesses. The verdict was thus based upon the testimony of Miss Howard and the exhibits.

Because his conviction rests upon the letter from a witness not produced in court, the appellant urges two points: the uncorroborated hearsay evidence is insufficient to sustain the conviction because of its unreliability, and a conviction based upon such evidence violates the Sixth Amendment confrontation clause. Appellant points out that the record does not indicate the unavailability of Major Trambley.

In Brandon v. United States, 381 F.2d 727 (10th Cir.), this court considered an appeal from a failure to report for assignment to civilian work. The gist of the offense there was the failure to report to the board for instructions as to the civilian assignment. We held that the file of the defendant was admissible, and a notation therein by the clerk of the board was sufficient proof that the defendant had failed to report to the board itself. See also Goss v. United States, 384 F.2d 133 (10th Cir.) (hereinafter further considered), and Mahan v. United States, 396 F.2d 316 (10th Cir.), where a letter from the clerk of the local board to the State Director stating that the registrant did not report was held to be sufficient proof to support the verdict. The Seventh Circuit in United States v. Holmes, 387 F.2d 781 (7th Cir.), considered the admissibility and probative value of an unsigned, undated note admitted to prove that the defendant failed to report for civilian work under Selective Service orders. The identity of the author was there never disclosed. The defendant asserted the same two grounds as does appellant. The court there observed that Holmes made no claim that he did not report and did not deny that he repeatedly advised his Selective Service Board that he would not report for civilian work. Here, the record also reveals that appellant had advised his local board that he would have nothing to do with the armed services. Apparently relying on 32 C.F.R. § 1606.35(a), providing that any employee of the Selective Service System shall be considered the custodian of a registrant's record he

produces in court, and the fact that no inconsistent evidence was presented, it was held in Holmes that the notation so introduced was sufficient to establish the failure to report element of the offense. In United States v. Lyzun, 444 F.2d 1043 (7th Cir.), it was also held that letters and entries in a board file were admissible in a prosecution for knowingly failing to report for civilian work as required by order of the draft board, citing Holmes. See also La Porte v. United States, 300 F.2d 878 (9th Cir.), concerning section 1732. For other cases holding that Selective Service files, either in whole or in part, are admissible under sections 1732–33 or their common law counterparts, see United States v. Ward, 173 F.2d 628 (2d Cir. 1949), and United States v. Borisuk, 206 F.2d 338 (3d Cir. 1953).

We thus hold that the government's exhibit consisting of appellant's Selective Service file and the letter from Major Trambley therein were admissible under 28 U.S.C. § 1733 as an official record.

The question remains whether the letter so admitted constituted proof that the appellant refused to submit to induction, and its relation to the right of confrontation. The right to confrontation afforded by the Sixth Amendment and the common law hearsay rule have had related aims and overlapping histories. See California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489; Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; 113 U.Pa.L.Rev. 741 (1965).

In Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213, the Court considered the basic purpose of the confrontation clause, and stated:

"The decisions of this Court make it clear that the mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior

statement.' California v. Green, 399 U.S., at 161 [90 S.Ct. 1930]."

In the same case, Justice Harlan in his concurring opinion said:

"A rule requiring production of available witnesses would significantly curtail development of the law of evidence to eliminate the necessity for production of declarants where production would be unduly inconvenient and of small utility to a defendant. Examples which come to mind are the Business Records Act, 28 U.S.C. §§ 1732–1733, and the exceptions to the hearsay rule for official statements, . . . If the hearsay exception involved in a given case is such as to commend itself to reasonable men, production of the declarant is likely to be difficult, unavailing, or pointless."

The other opinions in Dutton v. Evans present several views as to the purpose and application of the confrontation clause, but the opinion of the Court and the several concurring opinions provide an answer to appellant's contentions.

 In Goss v. United States, 384 F. 2d 133 (10th Cir.), we upheld the admissibility and probative value of the data as it appeared in defendant's file. We held that an entry on a file copy of his Form 153 (Order to Report for Civilian Work) that the form had been mailed to him was sufficient proof, in the absence of a minute entry, of intent not to report, an element of the offense. We there said: "Form 153 carries with it sufficient guaranty of trustworthiness to support conviction when otherwise not challenged, . . ." citing La Porte v. United States, 300 F.2d 878 (9th Cir.). This is well within the proper limitations, function, and purpose of the exceptions to the hearsay rule and the confrontation requirement as now described in Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213. Under our opinions, the confrontation clause is to provide the accused with an opportunity to test the probative value of evidence sought to be introduced against him to prove an element of the offense with which he is charged. This opportunity is to be exercised within the framework of the prevailing rules of evidence, which in turn are rules distilled from centuries of experience with human nature to both develop the accuracy and reliability of the evidence, and also to work within the practical necessities of trial procedure.

On the record before us, the introduction into evidence of the letter in defendant's file from the commanding officer of the induction station stating that defendant failed to report was not contrary to the confrontation clause of the Sixth Amendment and was of sufficient probative value to support the conviction.

Affirmed.