**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard John REAM, Jr., Defendant-Appellant.**

**No. 73-2742.**

United States Court of Appeals, Fifth Circuit.

March 29, 1974.

---

5. Nicklaus v. Hughes Tool Co., 417 F.2d 983 (8th Cir. 1969).

James M. Simons, Austin, Tex. (Court-appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Appellant Ream was convicted of failing to remain in civilian alternate service for twenty-four months in violation of The Military Selective Service Act of 1967, 50 U.S.C.App. §§ 456(j), 462. He asserts as error: (i) the trial court's failure to hold an evidentiary hearing on certain defense motions, (ii) insufficiency of the evidence to support his conviction, and (iii) improper admission of certain government records into evidence. Finding these contentions to be without merit we affirm.

Richard John Ream, Jr. registered with his local draft board at Big Springs, Texas, on November 25, 1964. On January 14, 1965 he was given a 1–S(H) classification which exempted him from service on the basis of a high school deferment. Subsequently, appellant underwent a physical examination and was found qualified for military service on February 5, 1968. Appellant then wrote his draft board stating he was a conscientious objector and he was mailed the appropriate conscientious objector forms. Appellant returned the forms and on November 13, 1969, after a personal interview before the board, he was classified 1–A. Pursuant to an appeal, the local draft board reclassified appellant 1–O.[1]

Classification as 1–O committed appellant to select non-combat related employment as a means of fulfilling his military obligations. 32 C.F.R. § 1660.5. Instead of selecting employment with an agency designated as suitable by the State Director, he began work at the Travis State School for the Mentally Retarded in Austin, Texas as a full-time attendant, notifying his local draft board of his alternate service selection sometime thereafter. He was subsequently informed on December 20, 1970, that employment at the Travis State School would meet the requirements of the Selective Service System for employment of conscientious objectors.

Appellant worked for the Travis State School for approximately 13 months until October 10, 1971, when he left the institution having 10 months remaining on his service obligation. On January 9, 1973, an information was filed against appellant by the FBI and on March 29, 1973, an indictment was returned by the grand jury charging him with failing to remain in civilian alternate service for twenty-four consecutive months in violation of 50 U.S.C.App. §§ 456(j), 462.

## DENIAL OF APPELLANT'S MOTIONS WITHOUT AN EVIDENTIARY HEARING

### Composition of Jury

Appellant contends the trial court's denial of his motion for discovery was an abuse of discretion in violation of his Fourteenth Amendment rights. This motion was designed to obtain certain information such as the age of all persons on the grand jury which had indicted him. Such information appellant hoped would support his allegation that discrimination against persons 18–26 years old caused the grand jury to be improperly constituted. Since we have many times ruled that exclusion of such ages pending the emptying and refilling of the master jury wheel is not a constitutional or statutory violation, United States v. Pentado, 5 Cir., 1972, 463 F.2d 355, cert. denied, Noa v. United

---

1. 32 C.F.R. § *1622.14 Class 1–O: Conscientious objector available for alternate service.*

    (a) In Class 1–O shall be placed every registrant who would have been classified in Class 1–A but for the fact that he has been found, by reason of religious, ethical, or moral belief, to be conscientiously opposed to participation in war in any form and to be conscientiously opposed to participation in both combatant and noncombatant training and service in the Armed Forces.

States, 410 U.S. 909, 93 S.Ct. 963, 35 L. Ed.2d 271; United States v. Blair, 5 Cir., 1972, 470 F.2d 331, cert. denied, Crews v. United States, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197; United States v. Gooding, 5 Cir., 1973, 473 F.2d 425, the denial of the discovery motion could not be said to have prejudiced appellant's case in any way.

### Challenging Prosecutorial Discrimination

▉▉▉ Appellant further contends that the trial court abused its discretion when it denied those portions of his motion for discovery and motion to dismiss which related to his contention of improper prosecutorial intent. The crux of appellant's contention was that he was being discriminatorily prosecuted because of his anti-war activities. At no time before, during, or after the trial did appellant introduce or proffer any evidence or any affidavits of any persons which would support these assertions. His reliance on the recent Seventh Circuit case of United States v. Falk, 1973, 479 F.2d 616 (en banc) is not enough. Whatever doubts we might have—and they are not small ones— about that decision in light of the Executive's exclusive prerogative in commencing, maintaining, or terminating prosecutions, United States v. Cox, 5 Cir., 1965, 342 F.2d 167 (Brown, J., specially concurring), cert. denied, Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L. Ed.2d 700.², *Falk* indicates an evidentiary hearing need be held only when a defendant presents facts sufficient to raise a reasonable doubt about the prosecutor's motive. 479 F.2d at 620–621.

**2.** This discretion flows not from a desire to give carte blanche to law enforcement officials but from recognition of the constitutional principle of separation of powers.

The discretionary power of the attorney for the United States in determining whether a prosecution shall be commenced or maintained may well depend upon matters of policy wholly apart from any question of probable cause.⁷ Although as a member of the bar, the attorney for the United States is an officer of the court, he is

### INSUFFICIENCY OF THE EVIDENCE

Appellant's second claim of error, insufficiency of the evidence, will be determined by resolution of his third claim that certain records were improperly admitted into evidence by the trial judge. With these records there is ample support for the conviction. Without some of them the government will have failed to prove a prima facie case.

### Admissibility of Board Records

▉▉ The records whose admission is being challenged consist of appellant's draft registration card, selective service file, and employment records from the Travis State School for the Mentally Retarded. Appellant contends authentication of these records was lacking because the persons through whom the records were introduced at trial did not have proper custody or control. Although at issue was appellant's compliance with orders of Local Board 71 located at Big Springs, the draft registration card and selective service file were introduced into evidence through Ms. Emily Barron, Executive Secretary for Local Boards Nos. 119, 120, and 132 located in Austin, Texas, the site of the trial some 290 miles from Big Springs. She testified that these were the original records of which she was deemed the legal custodian for purposes of the trial, and that they had been forwarded to her by Local Board 71, of Big Springs, Texas, appellant's draft board. Appellant's counsel made no objection to the admission of these records when they were offered into evidence even though given the opportunity. He did object later on

nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions.

342 F.2d at 171.

to their admission during his cross-examination of the witness when he apparently became aware that the witness was only a "sponsor" of the records. He now contends that an adequate predicate was not laid since Ms. Barron was not the Executive Secretary of Local Board 71, she did not know if the files were accurately kept, and she was not present when any entry in the files was made.

Going to the merits we think these records were admissible. F.R.Crim.P. 27 incorporates F.R.Civ.P. 44 [3] which allows proof of business records. In addition they are admissible under 28 U.S.C. § 1733 as proof of an official document.[4] Authentication of the papers as government records is supplied by 32 C.F.R. § 1606.35(a) [5] which makes the employee of the Selective Service System producing the records the custodian thereof. Furthermore, the trustworthiness of Selective Service records comes from the fact that regulations are precise as to how and in what order a draftee's file must be kept. 32 C.F.R. § 1621.8,[6] for example, states that "Every paper pertaining to the registrant, * * * and such other papers and documents as may be designated by the Director of Selective Service shall be filed in his Cover Sheet until authorization to remove it has been received from the Director of Selective

Service." More specific filing instructions are given in the "Registrant Processing Manual", a handbook for local board procedures issued by the National Director of the Selective Service System. In addition, § 1626.13 requires the local board to carefully check the registrant's file to make certain the file is complete and in order prior to forwarding it to the Appeal Board. The sponsor of the records herself, Ms. Barron, testified the appellant's records were kept in accordance with such regulations.

### Admissibility of Travis State School Records

■ Appellant's related contention that records from the Travis State School reflecting appellant's employment and termination of employment were improperly admitted, must likewise be rejected. The records in question were introduced by the government through Mr. Clyde A. Hammock, Personnel Officer of the Travis State School, who testified also to a great many things as a matter of personal knowledge. Although the Government unnecessarily complicated the problem by its belated formal proffer of the records, there was in the testimony of Mr. Hammock ample proof for the Judge to conclude that these were

3. In addition to providing methods by which domestic and foreign records may be authenticated, F.R.Civ.P. 44 also states:

(c) *Other Proof.* This rule does not prevent the proof of official records or of entry or lack of entry therein by any other method authorized by law.

4. 28 U.S.C. *1733. Government records and papers—Copies.*—(a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept.

(b) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof. June 25, 1948, c. 646, § 1, 62 Stat. 946.

See Yaich v. United States, 9 Cir., 1960, 283 F.2d 613; United States v. Borisuk, 3 Cir.,

1953, 206 F.2d 338; United States v. Ward, 2 Cir., 1949, 173 F.2d 628.

5. 32 C.F.R. § 1606.35:

(a) In the prosecution of a registrant or any other person for a violation of the Military Service Act of 1967, the Selective Service Regulations, any orders or directions made pursuant to such act or regulations, or for perjury, all records of the registrant shall be produced in response to the subpoena or summons of the court in which such production or proceeding is pending. Any officer or employee of the Selective Service System who produces the records of a registrant in court shall be considered the custodian of such records for the purpose of this section.

See United States v. Downing, 10 Cir., 1972, 454 F.2d 373; United States v. Holmes, 7 Cir., 1968, 387 F.2d 781.

6. 32 C.F.R. § 1621.8 was repealed as of 1972 but was enforced during the time when appellant's draft records were being kept.

**1248**

maintained regularly under the direction of the personnel department.

Under the Uniform Business Records as Evidence Act, 28 U.S.C. § 1732, these records as offered into evidence were properly admitted. McCormick, Evidence, § 306(2d Ed.1972); Uniform Business Records as Evidence Act, 9 A. U.L.A. 506 (1965). Reliance on them in the daily operation of the personnel affairs of the school is what gave them their trustworthiness quite independent of witness Hammock's personal recollection of the events or incidents. Missouri Pacific Railroad Co. v. Austin, 5 Cir., 1961, 292 F.2d 415.

Affirmed.