**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stuart Blackburn PERRY, Defendant-Appellant.**

**No. 73–1488.**

United States Court of Appeals, Tenth Circuit.

May 16, 1974.

Leon E. Tabor, Oklahoma City, Okl., for defendant-appellant.

James M. Peters, Asst. U. S. Atty., (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Defendant was charged and convicted of a violation of 50 U.S.C.App. § 462, failure to report for induction into the armed forces, following a second trial in the District Court for the Western District of Oklahoma. An earlier judgment of conviction was vacated by this court, United States v. Perry, 474 F.2d 983, for trial error and the case remanded for a new trial. The jury again convicted and this appeal followed.

Defendant makes three present appellate contentions of error the first of which, the admission into evidence of the entire Selective Service record, was considered and rejected by this court in its earlier decision. See in that regard 28 U.S.C. § 1732; United States v. Freed, 10 Cir., 460 F.2d 75; United States v. Downing, 10 Cir., 454 F.2d 373; Gretter v. United States, 10 Cir., 422 F.2d 315; Brandon v. United States, 10 Cir., 381 F.2d 727.

■ Next, defendant asserts that the court erred in giving the following instruction:

The jury is instructed that proof that a letter properly directed was placed in a Post Office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed. The jury may regard such presumption as sufficient evidence of the basic fact established by said presumption but is not required to do so. The jury must be satisfied on all the evidence that the Defendant received the said Notice to Report for Induction beyond reasonable doubt.

The cited instruction is in complete accord with the directive of our earlier decision and is manifestly a correct statement of the law.

■■ Finally, defendant asserts that the trial court should not have reimposed a five-year sentence in view of defendant's laudatory conduct during his period of confinement pending the first appeal. This is a matter entirely within the discretion of the trial court absent extraordinary circumstances or a gross abuse of discretion. United States v. Floyd, 10 Cir., 477 F.2d 217, cert. denied, 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336; United States v. Donohoe, 10 Cir., 458 F.2d 237, cert. denied, 409 U.S. 865, 93 S.Ct. 157, 34 L.Ed.2d 113. And although the prosecution now involves stale subject matter we do not consider this to be an extraordinary circumstance indicating the imposition of a grossly harsh sentence. The offense occurred January 2, 1969 and the indictment was returned May 24, 1971.

Affirmed.