**UNITED STATES of America, Appellee,**

v.

**Phillip Bradley POLK, Appellant.**

**No. 76–1282.**

United States Court of Appeals,
* Tenth Circuit.

Submitted Jan. 24, 1977.

Decided March 7, 1977.

Hubert H. Bryant, Asst. U. S. Atty., Tulsa, Okl. (Nathan G. Graham, U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Charles Whitman, Tulsa, Okl., for appellant.

Before SETH, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Phillip Bradley Polk (Polk) was indicted and convicted by a jury on two counts of transporting and causing to be transported in interstate commerce falsely made and forged securities (money orders) in violation of 18 U.S.C.A. § 2314, and on one count of conspiring to commit the substantive offenses. 18 U.S.C.A. § 371. He was sentenced to concurrent ten-year terms on the two convictions of transporting forged securities, following which he is to serve a four-year term of probation on the conspiracy conviction.

Polk contends that the District Court erred in: (1) denial of his requested jury voir dire examination concerning racial prejudice and bias toward a defendant with a prior criminal conviction; (2) denial of compulsory process and due process of law by reason of the trial judge's comment to Polk's counsel threatening possible perjury charges against Polk; (3) improper admission of evidence concerning Polk's arrest on other charges; (4) refusal of Polk's requested instruction on the elements of conspiracy; (5) denial of full cross-examination of a government witness; and (6) bias and prejudice on the part of the trial judge in sentencing.

## I.

■ Polk, a black person, alleges that the trial court improperly denied his requested voir dire examination of the jury panel concerning possible racial prejudice. He relies on *Ristaino v. Ross,* 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976), with particular reference to footnote nine which states that had the case arisen in federal court, the court would have required appropriate questions designed to identify racial prejudice if so requested by the defendant.

We believe that the circumstances of *Ristaino, supra,* distinguish it from the instant case. No crime of violence is involved here, whereas in *Ristaino* the charges included assault and battery by means of a dangerous weapon, and assault and battery with intent to commit murder. The victim of the alleged crimes was a white person employed as a security guard. Polk was charged with non-violent crimes. Neither the charges, facts or circumstances of this case suggest or convey racial overtones. We recognize that many courts have directed specific voir dire in addition to those directed to the jury panel's ability to serve impartially without regard to race, creed, color, or national origin. We hold, however, that the trial court's general voir dire examination adequately protected Polk and that specific voir dire examination on racial prejudice was not required. The Constitution does not always entitle a defendant to have questions posed during voir dire specifically directed to matters that might prejudice veniremen against him. *Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973).

■ Polk further asserts that it was error for the trial court to refuse his requested voir dire inquiry on possible bias toward a defendant with prior criminal convictions. There is no merit in this contention. The jury was instructed that prior convictions were to be considered solely for impeachment purposes. In addition, the trial court's general voir dire of the jury panel relative to respect and application of the rule of law that all defendants are presumed innocent until proven guilty beyond a reasonable doubt eliminated any question about such bias.

■ The conduct of voir dire examination is within the sound discretion of the trial court. *Ristaino v. Ross, supra; United States v. Hall,* 536 F.2d 313 (10th Cir. 1976), U.S. appeal pending. The exercise of the trial court's voir dire discretion will not be disturbed, absent a clear showing of abuse. *United States v. Hall, supra; United States v. Hill,* 526 F.2d 1019 (10th Cir. 1975), *cert. denied,* 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976). Where the trial court's voir dire questions contain the substance of a defendant's proposed inquiries and are sufficient to test a juror's impartiality, they are not clearly abusive of discretion. *United States v. Hall, supra.* To be sure, the trial court's voir dire questions were not as

numerous or as detailed as Polk desired. We hold, however, that they fully and adequately covered the substance of Polk's proposed inquiries and they sufficiently tested the jury panel's impartiality.

## II.

■ At the close of the government's case in chief it was discovered that defense witness Avous McCoy, a/k/a Polk, had not responded to a subpoena. The defense opened with the testimony of Defendant Polk. Subsequently, Ms. McCoy was brought to court by the marshal's office. A conference was then held in the court's chambers. Polk alleges, relying on an affidavit of his counsel, that during this conference the trial judge stated that should the testimony of Ms. McCoy differ from that given by Polk, the court would urge that the United States Attorney's office file perjury charges against Polk. Polk asserts that as a result of this alleged threat, he did not call Ms. McCoy to testify, resulting in a denial of compulsory process and due process of law. We observe that Polk did not lodge an objection or tender an offer of proof at trial.

Absent "plain error" which we have described as "serious prejudicial error" affecting life or liberty requiring corrective action by the appellate court, even though not called to the attention of the trial court, we will not consider matters presented for the first time on appeal. *United States v. Guerrero,* 517 F.2d 528, (10th Cir. 1975); *United States v. Ray,* 488 F.2d 15 (10th Cir. 1973); *Tapia v. Rodriguez,* 446 F.2d 410 (10th Cir. 1971); Fed.R.Crim.Proc. rule 52(a), 18 U.S.C.A. Matters not appearing in the record will not be considered by the court of appeals; presentation of claimed errors to the trial court allows it the opportunity to consider the specific contentions advanced and to take corrective action, if required. *Neu v. Grant,* 10th Cir., 548 F.2d 281 filed January 12, 1977. Polk did not fulfill any of these requirements. It is a matter of complete speculation whether the trial judge is even now aware of the above allegation. The notification to the trial court that Avous McCoy would not be called to testify became an obvious vehicle for complaint about the comments allegedly made by the trial judge. We deem it significant that no mention of the alleged comments was made on the trial record and no reasons have been advanced on appeal for this failure. This failure may have been motivated by trial tactic. In any event, Polk has made no showing of prejudice. He has not demonstrated how or in what manner the testimony of Ms. McCoy could have placed him in jeopardy. We do not impugn the honesty or integrity of Polk's counsel. However, the singular affidavit filed on appeal does not warrant our consideration. Any such *in camera* conduct on the part of a trial judge could not be countenanced or condoned if, in fact, it should occur.

## III.

■ Polk contends that the trial court erred by admitting testimony, concerning another arrest and other charges made against him, which violated his rights to a fair trial and due process of law. The allegation is without merit. Polk challenges the testimony of government witness David Pendergraft relative to the robbery of the money orders herein and a description of the robbers. No trial objection was lodged by Polk. To be sure, objection was made to the alleged hearsay nature of certain government exhibits identified by Pendergraft, but no objection to his testimony, as such, was ever lodged. Absent trial objection or clear showing of "plain error" on appeal we find no error in the admission of Pendergraft's testimony. *United States v. Guerrero, supra.*

■ On direct examination, Polk incorrectly related the date of his arrest on federal charges. He mistakenly stated the date as that of his arrest on state charges. As a result, a series of questions were posed by the prosecution on cross-examination, and eventually by the court, directed at clearing up any confusion resulting from the misstatement. Polk asserts that this line of questioning was improper and denied him due process. We hold that such is

not the case. The entire area of inquiry was inadvertently opened up by Polk when he misstated the date of his federal arrest. The government was entitled to cross-examine Polk on the subject. It obviously was not clear whether Polk had testified truthfully on direct. *Martin v. United States,* 404 F.2d 640 (10th Cir. 1968); *Thayer v. United States,* 168 F.2d 247 (10th Cir. 1948). The proper limits of cross-examination are within the sound discretion of the trial judge and will not be disturbed on appeal unless a clear abuse of discretion is demonstrated. *Martin v. United States, supra.*

### IV., V. and VI.

Polk's fourth, fifth and sixth assertions of error relate to refusal of a tendered instruction, limitation of cross-examination, and bias and abuse in sentencing. They are without merit.

The refused instruction related to the required elements of conspiracy, with emphasis on the proposition that proof of mere association does not make one a co-conspirator. This point was clearly covered by other instructions given by the court. The form of instructions is committed to the discretion of the trial court, and there is no requirement that the court use the exact language of requested instructions, provided the issues of the case are adequately covered. *United States v. Newson,* 531 F.2d 979 (10th Cir. 1976).

■ We hold that the trial court did not deny Polk's cross-examination in the area of impeachment but simply limited it on the basis of materiality and relevancy. *United States v. Dodge,* 538 F.2d 770 (8th Cir. 1976). A complete denial of access to an area properly subject to cross-examination constitutes reversible error, but the extent of cross-examination is discretionary with the trial judge. *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). We have heretofore observed that the exercise of such discretion will not be disturbed on appeal unless clearly prejudicial. *United States v. Jorgenson,* 451 F.2d 516 (10th Cir.

1971), *cert. denied,* 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793 (1972).

■ Finally, there was no bias or abuse manifested by the sentence imposed on Polk. The matter of sentencing is within the sound discretion of the court, if within statutory limits. *United States v. Perry,* 496 F.2d 429 (10th Cir. 1974); *United States v. Floyd,* 477 F.2d 217 (10th Cir. 1973), *cert. denied,* 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336 (1973). Absent extraordinary circumstances or a gross abuse of discretion, a sentence will not be disturbed on appeal nor considered cruel and unusual punishment, particularly if it is within statutory limits. *Andrus v. Turner,* 421 F.2d 290 (10th Cir. 1970); *Hall v. United States,* 404 F.2d 1365 (10th Cir. 1969). The sentence here imposed is clearly within statutory limits. The recitation by Polk of sentences imposed by the trial court in other cases fails to establish the requisite extraordinary circumstances or gross abuse of discretion. The imposition of a lenient sentence in one case, even if undue, does not render a reasonable sentence in another case cruel and unusual. *Howard v. Fleming,* 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121 (1903); *Andrus v. Turner, supra.*

WE AFFIRM.