443 So.2d 173 (1983)
Howard OWEN, Harold Owen and Terry Wayne Barnhill, Appellants,
v.
STATE of Florida, Appellee.
No. AQ-425.
District Court of Appeal of Florida, First District.
December 12, 1983.
Rehearing Denied January 11, 1984.
*174 Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellants entered pleas of nolo contendere to the charge of trafficking in cannabis in violation of section 893.135(1)(a), Florida Statutes (1981), reserving their right to appeal the denial of their motions to dismiss based on prosecutorial misconduct and selective and discriminatory enforcement of the trafficking law. We affirm.
Appellants' arrests were the culmination of a "reverse sting" operation conducted by the Bay County Sheriff's Department. As indicated in the record, deputy sheriff Allen Johnson, assigned to the department's special investigation unit, disclosed to an informant that the department could conduct reverse stings, and to get in touch with him if someone contacted the informant wanting to purchase or sell a large quantity of drugs. Although the informant did not discuss the possibility of compensation, Johnson volunteered that he could predict no set figure at that time.
Six months following the initial conversation, Johnson was contacted by the informant who disclosed that appellants, all being unknown to Johnson, were interested in buying drugs, and requested whether Johnson could procure 200 pounds of marijuana and some dilaudids, and could conduct a reverse sting. As before, the informant did not request compensation. Johnson discussed the possibility of a sting operation with the sheriff, and a flat fee of $5,000 was arranged as compensation. Johnson later testified on deposition that a percentage fee was never contemplated, that the informant's compensation did not depend on how large the deal was or on the amount of property seized, and that the informant would not necessarily be called as a witness during the trial.
The department ultimately procured the 200 pounds of marijuana and 2,000 tablets of dilaudid. Utilizing the informant as a middleman, the department was successful in apprehending appellants during the course of the drug sale.
Following arraignment and during the course of discovery, appellants filed their motions to dismiss the information and requests for an evidentiary hearing. A hearing was held on the motions during which portions of the depositions of deputy Johnson and of Joe Coram, the department's chief investigator, were considered by the trial court. Upon reading the depositions and memoranda of law, and listening to counsels' arguments, but without conducting an evidentiary hearing, the court denied the first motion primarily because it did not find that there had been a contingency fee arrangement, and denied the second motion under the impression that "the state has the right to select the cases that it feels are worthy of prosecution," subject only to conduct so reprehensible as to shock the judicial conscience. The court's judicial conscience was not shocked by the instant conduct.
Appellants now argue that the facts before the trial court compel a finding of prosecutorial misconduct and selective enforcement, or, at least, that they were entitled to an evidentiary hearing on those points. Apart from its argument that no such misconduct or selective enforcement existed, the state argues, as it did below, the procedural impropriety of the motions, pointing to the fact that the motions were neither filed before or upon arraignment, nor with the permission of the trial court, *175 contrary to rule 3.190(c), Florida Rules of Criminal Procedure. The state also notes that the facts were agreed to as being in dispute and the motions were not sworn to, circumstances which would preclude their consideration by way of rule 3.190(c)(4).
Before reaching the merits of appellants' cause, we take time to briefly reply to the state's procedural arguments. Rule 3.190(c) provides that motions to dismiss the indictment or information shall be made before or upon arraignment unless the court, in its discretion, permits the defendant to plead and thereafter file a motion to dismiss at a time to be set by the court. Although the procedure followed below by the trial court and the parties can hardly be considered ideal under the rule, we can only assume that by setting a time for and conducting a hearing, the court exercised its discretion as provided by Rule 3.190(c). In any event, considering the trial court's resolution of the motions in favor of the state, and our affirmance of that action on its merits, the procedural discrepancies to which the state draws our attention is hardly necessary as an alternative consideration on which to base our affirmance.
Turning now to the merits of the appeal, appellants' secondary argument, which we shall consider first, is that they were entitled to an evidentiary hearing on their motions to dismiss. For that proposition appellants rely upon United States v. Graves, 556 F.2d 1319 (5th Cir.1977). Without reaching the point made by the state that the applicable federal criminal rules differ from Florida's criminal rules and therefore Graves is not controlling, we note that Graves, a prosecutorial misconduct case, does not stand for the proposition that an evidentiary hearing was mandatory, but rather, that a pretrial hearing was appropriate, as the motion to dismiss essentially involved a question of law. As regards an evidentiary hearing, Graves merely indicates that the "district court permitted extensive testimony by defense witnesses." Id., at 1320 (emphasis added). Similarly, rule 3.190(d) provides that a court may receive evidence on any issue of fact alleged in the motion and necessary to the decision on the motion. Thus, whether an evidentiary hearing was held on the motion alleging prosecutorial misconduct was a question to be resolved within the trial court's discretion and the record assures us that the court did not abuse its discretion.
Likewise, an evidentiary hearing on the motion alleging selective prosecution was not mandated but was within the trial court's discretion. Indeed, United States v. Ream, 491 F.2d 1243 (5th Cir.1974), relied on by appellant for reversal, supports our holding. Ream states that where selective prosecution is argued, "an evidentiary hearing need be held only when a defendant presents facts sufficient to raise a reasonable doubt about the prosecutor's motive." Id., at 1246. Without adopting the Ream test in the instant case, we cannot say that the facts presented to the trial court should have raised a reasonable doubt concerning the prosecutor's motive necessitating an evidentiary hearing; the depositions and arguments were sufficient on which the trial court could have based its ruling.
The hearing issue aside, appellants' primary argument is that the motions to dismiss should have been granted based on the depositions and legal memoranda. We can easily dispose of this argument as it relates to appellants' motion alleging selective enforcement: the motion and accompanying memorandum wholly fail to establish the denial of equal protection arising from selective and discriminatory enforcement. As stated by our supreme court, "[i]n order to constitute a denial of equal protection, the selective enforcement must be deliberately based on an unjustifiable or arbitrary classification... . The mere failure to prosecute all offenders is no ground for a claim of a denial of equal protection ... [citations omitted]" Bell v. State, 369 So.2d 932, 934 (Fla. 1979). In the instant case, we fail to see how Bay County's policy of conducting reverse stings (the present being the second of two conducted) only when it would involve in *176 excess of fifty pounds of marijuana constitutes an arbitrary classification comparable to the unjustifiable selection of alleged criminal defendants based on standards of race or religion. Cf. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962). The trial court's denial of the motion is affirmed.
Finally, we dispose of appellants' argument alleging prosecutorial misconduct by distinguishing the facts of this case from those in Glosson v. State, 441 So.2d 1178 (Fla. 1st DCA 1983), relied on by appellants for reversal. In Glosson the state admitted to a scheme whereby an individual was promised payment contingent upon his successfully making criminal cases against others to whom he was to sell cannabis provided by the Levy County Sheriff's Department. The state also admitted that it had no case without that individual's testimony. We held those circumstances to be intolerable as "akin to the manufacturing of criminal activity by the state," and affirmed the trial court's dismissal of the informations. Id., at 1179.
The type of outrageous conduct represented in Glosson is not now before us. On the contrary, in the instant case there was no contingency fee arrangement and the fee did not depend on the effectiveness of the informant's cooperation, either during the sting operation or afterwards at trial. There is simply nothing to support a finding here of the impermissible criminal fabrication by law enforcement as was so prevalent in the Glosson case. The decision of the trial court to deny this motion to dismiss is also affirmed.
MILLS and THOMPSON, JJ., concur.