# HOWARD v. FLEMING.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NORTH CAROLINA.

# HOWARD v. NORTH CAROLINA.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

Nos. 44, 45.　Argued October 27, 1903.—Decided November 16, 1903.

The decision of the highest court of a State that conspiracy to defraud is a common law offense and as such cognizable in the courts of that State, although there be no statute defining or punishing such a crime, is not a Federal question, nor reviewable by this court. Nor can this court inquire whether the indictment sufficiently charged the offense.

Undue leniency in one case does not transform a reasonable punishment in another case to a cruel one and where the highest court of a State has sustained the sentences of ten years each, imposed on two men convicted with a third of a conspiracy to defraud, and such punishment does not from the record appear unreasonable considering the nature of the offense, this court will not set aside the judgment as imposing a cruel and unusual punishment either on the facts or because the other person convicted was only sentenced to seven years.

This court will not hold that the omission of the recital of reasons which justify the peculiar form of a sentence will invalidate a judgment which is warranted by the statute and which has been sustained by the highest court of the State.

When the highest court of the State has decided that in a criminal trial it is sufficient to charge the jury correctly in reference to reasonable doubt and that an omission to refer to any presumption of innocence does not invalidate the proceedings, such an omission cannot be regarded by this court as a denial of due process of law.

Where no claim to protection under the Federal constitution was presented to the Supreme Court of the State, a writ of error will not lie from this court even though Federal questions were discussed in the opinions of the state court.

AT the June term, 1901, of the Superior Court of Guilford County, North Carolina, the three parties named as appellants in the first of these cases and as plaintiffs in error in the second were indicted, tried and convicted of the crime of con-

spiracy. Daly was sentenced to the penitentiary for seven years and Howard and Hawley for ten years each. All appealed to the Supreme Court of the State, by which court the judgment was affirmed, 129 North Carolina, 584, and thereupon the writ of error in the last case was issued. A writ of *habeas corpus* was also sued out from the Circuit Court of the United States for the Eastern District of North Carolina, directed to the warden of the state prison, which, after hearing, was dismissed, and from such dismissal an appeal was taken to this court; and that is the first of the above cases.

*Mr. Frank P. Blair*, with whom *Mr. Leslie A. Gilmore* was on the brief, for appellants in No. 44, and plaintiffs in error in No. 45:

*Habeas corpus* proceedings and writ of error may proceed concurrently. *Ex parte Frederich*, 149 U. S. 70; *Whitten v. Tomlinson*, 160 U. S. 242; *Markuson v. Boucher*, 175 U. S. 186; *Kohl v. Lehlback*, 160 U. S. 293.

With respect to the inhibitions of the Fourteenth Amendment, it makes no difference by what branch or instrumentality of the state government they are violated, the Federal courts will protect the citizen of the United States in any event. *Chicago, B. & Q. R. R. v. Chicago*, 166 U. S. 226; *Scott v. McNeal*, 154 U. S. 34. The judgment being in violation of the Constitution is utterly void.

The defendants below were denied the equal protection of the laws. The sentence is more severe than any ever inflicted in the State for like offense. For shorter sentences in worse cases see *State v. Powell*, 121 N. Car. 635; *State v. Wilson*, 121 N. Car. 650; *State v. Jackson*, 82 N. Car. 565; *State v. Mallett*, 125 N. Car. 718; *S. C.*, 181 U. S. 589; Rev. Code, N. Car. §§ 974, 1107; Laws, 1870, ch. 103, § 2.

The judgment should have contained a recital in order to make it valid to sentence to the penitentiary instead of to the roads. By reason of the unequal sentence, Daly being only sentenced to seven years, the appellants were denied equal

protection of the laws. There were no different degrees of culpability. *State* v. *Jackson*, 82 N. Car. 565. The Fourteenth Amendment prohibits a different or higher punishment to be imposed on one than is imposed on all for like offenses. *Re Kemmler*, 136 U. S. 436; *Caldwell* v. *Texas*, 137 U. S. 692; *Connolly* v. *Union & C. Co.*, 184 U. S. 540.

The sentence is "cruel and unusual," within the meaning of the state constitution; and hence discriminates against defendants below. *State* v. *Driver*, 78 N. Car. 423. The trial, conviction and sentence were not due process of law. The offense was not a crime by statute of North Carolina. There is no offense of conspiracy under the common law, and there being no law covering this offense, defendants were tried by a mob and not by due process of law.

There was no offense—conspiracy to defraud—at common law prior to 1607, the year at which most of our states put the statutory limit of their adoption of the common law. Subsequent to that date English precedents are persuasive merely. *Cathcart* v. *Robinson*, 5 Pet. 264; *Comm.* v. *York*, 9 Metc. 93; Sen. Spencer in *Lambert* v. *People*, 9 Cow. 578, 590; *Bowie* v. *Duval*, 1 Gill. & J. 175; *Stump* v. *Napier*, 2 Yerg. 45. As to the common law of North Carolina in regard to conspiracies to defraud, the lower court relied on *State* v. *Buchanan*, 5 Har. & J. 317, which is an incorrect decision, as is also *Comm.* v. *Judd*, 2 Massachusetts, 329. See *State* v. *Rickey*, 4 Halst. 293. And see the cases cited in the opinion of the court below. As to rulings of North Carolina courts in regard to common law crimes, see *State* v. *Kessler*, 78 N. Car. 469. If there was any such thing as common law conspiracy in North Carolina it had been abolished by statute. Rev. Code, § 641. *State* v. *Younger*, 12 N. Car. 357. A construction in favor of liberty should be adopted if possible. *United States* v. *Wiltberger*, 5 Wheat. 76.

In North Carolina the court has always held that a cheat must be by false token, weights or measures, in order to be criminal. *State* v. *Justice*, 13 N. Car. 199. Civil injuries

should not be the subjects of criminal prosecutions. Good policy does not require the multiplication of public offenses. *State* v. *Politto*, 11 N. Car. 348; *State* v. *Alfred*, 84 N. Car. 349; *State* v. *Phifer*, 65 N. Car. 321; *State* v. *Burke*, 108 N. Car. 750; *United States* v. *Watkins*, 3 Cranch C. C. 441.

The sentence was not due process of law, because greater than can be inflicted for the offense in any other American judiciary, and also because it was so severe that it raises the presumption that vindictiveness, passion and hatred entered into the judgment. [Numerous state penal laws as to conspiracy and term of punishment are cited in detail, many of them less than ten years.]

The sentence is not due process because the people are opposed to judge-made crimes and only tolerate them when followed by mildest punishment.

In United States courts, in New Hampshire, Massachusetts, New York, Michigan, Maine, Vermont, Iowa, Kentucky and Pennsylvania it is not a crime to combine to defraud by false pretenses, unless the pretenses consist of false weights, measures or tokens or some other means *criminal* in themselves. *State* v. *Parker*, 43 N. H. 83; *Comm.* v. *Eastman*, 1 Cush. 189; *Comm.* v. *Wallace*, 16 Gray, 221; *Lambert* v. *People*, 9 Cow. 578; *Alderman* v. *People*, 4 Michigan, 414; *People* v. *Barkelow*, 37 Michigan, 455; *State* v. *Mayberry*, 48 Maine, 219; *State* v. *Stephens*, 30 Iowa, 391; *Hartman* v. *Comm.*, 5 Barr. 60; *Comm.* v. *Ward*, 92 Kentucky, 158 ; *State* v. *Keach*, 40 Vermont, 113; *United States* v. *Walsh*, 5 Dill. 58.

On the other hand the States of Illinois, Maryland, New Jersey and others hold that combination to cheat and defraud by whatever means is criminal. *Cole* v. *People*, 84 Illinois, 216; *State* v. *Buchanan*, 5 Har. & J. 317; *State* v. *Cole*, 10 Vroom, 324.

In several of the States conspiracy is defined and the statutes expressly declare that no other combinations shall be deemed criminal. Conspiracies defined, and no combinations other than such are punishable. Arizona, Penal Code, § 3; California, Penal Code (1899), § 182; Minnesota, Genl. Stat.

(1894), § 6424; Montana, Code (1895), Penal Code, § 322; New York, Penal Code (1900), § 170; North Dakota, Penal Code (1899), § 7039.

No crimes except statutory. Common law crimes not punishable. Arizona, Penal Code, § 3; California, Penal Code (1899), § 6; Georgia, there appears to be no common law crimes; Indiana, 1 R. S. Ind. (1901), § 237; Montana, Code (1895), § 6; Nebraska, apparently none but statutory offenses; Ohio, no common law offenses, *Mitchell* v. *State*, 42 Ohio St. 383; Oklahoma, Stat. (1893), § 1838; North Dakota, Penal Code (1899), § 6801; Texas, Penal Code (1895), § 3.

New crimes should not be created by the court. *Wiltberger's Case*, 5 Wheat. 76, 96; *United States* v. *Sheldon*, 2 Wheat. 119; *United States* v. *Morris*, 14 Peters, 464, 475; *The Federalist*, No. 62.

The trial was not due process because the judge refused to charge on the presumption of innocence. *State* v. *Heaton*, 77 N. Car. 505; *Coffin* v. *United States*, 156 U. S. 432; *Cochrane* v. *United States*, 157 U. S. 286; *Kirby* v. *United States*, 174 U. S. 47, 55; *Allen* v. *United States*, 164 U. S. 492; *Agnew* v. *United States*, 165 U. S. 36. The presumption of innocence is vital and fundamental. *Brown* v. *New Jersey*, 175 U. S. 172; *In re Kemmler*, 136 U. S. 436; *Hurtado* v. *State*, 110 U. S. 516. A denial of such a right by any instrumentality of a State is a denial of due process of law.

The indictment charges no offense and therefore is not due process of law. An indictment charging a conspiracy to cheat and defraud, without more, is fatally defective; or else so defective that a bill of particulars is matter of right and it is fatal error to refuse it. *King* v. *Gill*, 2 B. & Ald. 204; *Rex* v. *Hamilton*, 7 C. & P. 448; *State* v. *Parker*, 43 N. H. 83; *Comm.* v. *Eastman*, 1 Cush. 189; *Comm.* v. *Wallace*, 16 Gray, 221; *Lambert* v. *People*, 9 Cowen, 578; *Alderman* v. *People*, 4 Michigan, 414; *People* v. *Barkelow*, 37 Michigan, 455 ; *State* v. *Stevens*, 30 Iowa, 391; *Hartman* v. *Comm.*, 5 Barr. 60; *Williams* v. *Comm.*, 34 Pa. St. 178; *State* v. *Crowley*, 41 Wisconsin, 271; *State* v.

*Cardoza,* 11 S. Car. 195; *State* v. *Mayberry,* 48 Maine, 219; *United States* v. *Walsh,* 5 Dill. 58; *Comm.* v. *Ward,* 92 Kentucky, 158; *State* v. *Keach,* 40 Vermont, 113.

*Mr. Robert D. Gilmer,* Attorney General of the State of North Carolina, and *Mr. Thomas B. Womack* for defendant in error:

An objection to the jury in North Carolina must be taken by plea in abatement and not by motion to quash and that rule is binding on the court. *Torrance* v. *Florida,* 188 U. S. 519; *State* v. *Gardner,* 104 N. Car. 739; *State* v. *Wilcox,* 104 N. Car. 853; *State* v. *Sharp,* 110 N. Car. 604; *State* v. *Fertilizer Co.,* 111 N. Car. 658; *State* v. *DeGraff,* 113 N. Car. 688.

An almost similar rule exists in the United States courts. *United States* v. *Gale,* 109 U. S. 63; *Agnew* v. *United States,* 164 U. S. 36. The plaintiffs in error were not denied equal protection of the laws in accepting and filing the indictment.

Finding of facts by the state courts cannot be reviewed either upon appeal or writ of error. *Dower* v. *Richards,* 151 U. S. 663, 668, 669; *In re Buchanan,* 158 U. S. 31; *Bartlett* v. *Lockwood,* 160 U. S. 360; *Stanley* v. *Schwalby,* 162 U. S. 278; *Noble* v. *Mitchell,* 164 U. S. 373; *Israel* v. *Arthur,* 152 U. S. 362.

It is for the state court to determine whether or not its statutes are binding under the state constitution, and whether one has received equal protection of the laws of the State in a regular administration of the criminal law. *Leeper* v. *Texas,* 139 U. S. 462; *O'Neil* v. *Vermont,* 144 U. S. 336.

The insufficiency of an indictment is not a Federal question. An erroneous ruling on a defective indictment does not present a Federal question. *Bergemann* v. *Backer,* 157 U. S. 655; *Central Land Co.* v. *Laidley,* 159 U. S. 112; *Gibson* v. *Mississippi,* 162 U. S. 59; *In re Boardmen,* 169 U. S. 44; *Remington Paper Co.* v. *Watson,* 173 U. S. 451; *Kohl* v. *Lehlback,* 160 U. S. 293. Due process of law does not even require an indictment where information is provided for. *McNulty* v. *California,* 149 U. S. 645; *Talton* v. *Mayes,* 163 U. S. 384; *Nordstron* v. *Washington,* 164 U. S. 705. The question as to whether or

not an indictment charges a crime under the laws of a State does not present a Federal question. *Caldwell* v. *Texas*, 137 U. S. 692; *Davis* v. *Texas*, 139 U. S. 652; *Bergemann* v. *Backer*, 157 U. S. 656; *O'Neil* v. *Vermont*, 144 U. S. 323.

The appellants were not denied equal protection of the laws of North Carolina, in that the *nisi prius* judge did not instruct the jury that they were presumed to be innocent, and that this presumption attended them until it was overcome by positive evidence of guilt.

The punishment was not cruel under the Federal constitution as there is no evidence to support the statement that it is more severe than any ever before imposed. No Federal question is presented. *Walker* v. *Vellaraso*, 6 Wall. 128; *Dower* v. *Richards*, 151 U. S. 663; *State* v. *Mallett*, 125 N. Car. 718.

This is simply a case of a state court determining the meaning of a state statute and constitution, and where there is nothing obviously violative of the fundamental principles. *Lambert* v. *Barrett*, 157 U. S. 697; *Raezel* v. *Kirk*, 172 U. S. 646; *Kohl* v. *Lehlback*, 160 U. S. 296, and other cases cited, *supra*.

The judgment is not void because the punishment is cruel and unusual as defined by the constitution of North Carolina. That is not a Federal question, and as to the contention that the punishment is violative of the Eighth Amendment of the Federal constitution, that Amendment is inapplicable to the States, and applies only to Federal action. *O'Neil* v. *Vermont*, 144 U. S. 323; *Barron* v. *Baltimore*, 7 Pet. 243; *Peryear* v. *Massachusetts*, 5 Wall. 475; *Ex parte Kemmler*, 136 U. S. 436; *Davis* v. *Texas*, 139 U. S. 651.

Whether there is a common law crime of conspiracy to defraud cognizable by the courts of North Carolina, is not a Federal question, and the decision of state courts as to what are the laws of the State is binding upon the courts of the United States. *South Ottawa* v. *Perkins*, 94 U. S. 260, 268; *Post* v. *Kendall County Supervisors*, 105 U. S. 667; *Norton* v. *Shelby County*, 118 U. S. 425, 440; *Atlantic*

& *G. R. Co.* v. *Georgia,* 98 U. S. 359, 366; *Baldwin* v. *Kansas,* 129 U. S. 52, 57. The powers of States in dealing with crime within their borders are not limited by the Fourteenth Amendment except that no State can deprive particular persons or classes of persons of equal and impartial justice under the law ; that law in its regular course of administration through courts of justice is due process, and when secured by the law of the State the constitutional requirement is satisfied. A similar indictment was sustained in *State* v. *Brady,* 107 N. Car. 822; *State* v. *Younger,* 12 N. C. R. 357. As to cases on common law conspiracy see *Caldwell* v. *Texas,* 137 U. S. 691; *State* v. *Buchanan,* 5 Har. & J. 317; *State* v. *Burnham,* 15 N. H. 396; *Commonwealth* v. *Hunt,* 45 Massachusetts, 111; *State* v. *Pulle,* 12 Minnesota, 164; *United States* v. *McCord,* 72 Fed. Rep. 159; Bishop's New Criminal Law, § 774, vol. II; *State* v. *Brady,* 107 N. C. R. 822; *State* v. *Powell,* 121 N. C. R. 635. According to the common law, a conspiracy upon the part of two or more persons, with the intent, by their combined power, to wrong others or to prejudice the rights of the public, is in itself illegal, though nothing be actually done in execution of such conspiracy. *Arthur* v. *Oakes,* 63 Fed. Rep. 321. Statutes against conspiracies are merely declaratory of the common law. *Farmers Loan and Trust Co.* v. *Northern Pacific Railroad Co.,* 60 Fed. Rep. 817; Hawkins' Pleas of the Crown, ch. 27, sec. 2; *Rex* v. *Eccles,* 1 Leach, 274; Chitty Cr. Law, 1139; Archibald Criminal Practice and Pleading, 1829; *Queen* v. *Kendrick,* 5 Q. B. D. 49; *Crump* v. *Commonwealth,* 84 Virginia, 927; *State* v. *Stewart,* 59 Vermont, 273; *State* v. *Donnelson,* 32 N. J. L. 151; *State* v. *Glidden,* 55 Connecticut, 46; *People* v. *Petheram,* 64 Michigan, 252; *State* v. *Burnham,* 15 N. H. 403; *Commonwealth* v. *Carlisle,* Brightly, 36. It has been held by this court that when state questions have been disposed of by the appropriate state authorities, it is not the province of this court to interfere, and there is no basis for the suggestion of any violation of the Constitution of the United States; the denial

of due process of law; or deprivation of any right, privilege, or immunity secured to him by the Constitution or laws of the United States. *Lambert* v. *Barrett,* 157 U. S. 697; *Hallinger* v. *Davis,* 146 U. S. 314; *Ex parte Kemmler,* 136 U. S. 346; *Caldwell* v. *Texas,* 137 U. S. 692; *Ex parte Converse,* 137 U. S. 624; *McNulty* v. *California,* 149 U. S. 645.

As to the appeal from the *habeas corpus* proceeding after a conviction in a state court, the validity of the proceeding will not be inquired into in *habeas corpus* proceedings, except in cases of peculiar urgency. The proper and usual remedy is by writ of error. *Whitten* v. *Tomlinson,* 160 U. S. 238. Except in peculiar and urgent cases, the courts of the United States will not discharge the prisoner by *habeas corpus* in advance of a final determination of his case in the courts of the State; and, even after such final determination in those courts, will generally leave the petitioner to the usual and orderly course of proceeding by writ of error from this court. *Ex parte Royall,* 117 U. S. 241; *Ex parte Fonda,* 117 U. S. 516; *Duncan* v. *McCall,* 139 U. S. 449; *Wood* v. *Brush,* 140 U. S. 278; *Jugiro* v. *Brush,* 140 U. S. 291; *Cook* v. *Hart,* 146 U. S. 183; *Ex parte Frederich,* 149 U. S. 70; *New York* v. *Eno,* 155 U. S. 89; *Pepke* v. *Cronan,* 155 U. S. 100; *Bergemann* v. *Backer,* 157 U. S. 655. *In re Grice,* 79 Fed. Rep. 635, was reversed in *Baker* v. *Grice,* 169 U. S. 284. There have been some cases such as *In re Loney,* 134 U. S. 372; *In re Neagle,* 135 U. S. 1, but they are exceptional.

This case presents no circumstances to justify a departure from the rule. *Davis* v. *Burke,* 179 U. S. 399; *Minnesota* v. *Brundage,* 180 U. S. 499; *Reid* v. *Jones,* 187 U. S. 153; *Reid* v. *Colorado,* 187 U. S. 137.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

Although these are separate cases, coming from different courts, we shall consider them together, for the same proceedings are challenged in each.

We premise that the trial was had in a state court, and therefore our range of inquiry is not so broad as it would be if it had been in one of the courts of the United States. The highest court of the State has affirmed the validity of the proceedings in that trial, and we may not interfere with its judgment unless some right guaranteed by the Federal constitution was denied and the proper steps taken to preserve for our consideration the question of that denial.

The first contention demanding notice is that the indictment charged no crime. As found it contained three counts, but the two latter were abandoned, and therefore the inquiry is limited to the sufficiency of the first. That charged a conspiracy to defraud. There is in North Carolina no statute defining or punishing such a crime, but the Supreme Court held that it was a common law offense, and as such cognizable in the courts of the State. In other words, the Supreme Court decided that a conspiracy to defraud was a crime punishable under the laws of the State, and that the indictment sufficiently charged the offense. Whether there be such an offense is not a Federal question, and the decision of the Supreme Court is conclusive upon the matter. Neither are we at liberty to inquire whether the indictment sufficiently charged the offense. *Caldwell* v. *Texas,* 137 U. S. 692, 698; *Davis* v. *Texas,* 139 U. S. 651, 653; *Bergemann* v. *Backer,* 157 U. S. 655.

Again, it is contended that the defendants were denied the equal protection of the laws, in that the sentence was more severe than ever before inflicted in North Carolina for a like offense, and was cruel and unusual; in that two were given ten years' and the third only seven years' imprisonment, and also in that they were sentenced to imprisonment in the penitentiary instead of to hard labor on the public roads. No case of a similar offense is cited from the judicial reports of North Carolina, and the Supreme Court in its opinion refers to the crime as "a fashion of swindling, which has doubtless been little practiced in this State." That for other offenses, which may be considered by most, if not all, of a more grievous

character, less punishments have been inflicted does not make this sentence cruel. Undue leniency in one case does not transform a reasonable punishment in another case to a cruel one. Swindling by means of a pretended gold brick is no trifling crime, and a conspiracy to defraud by such means does not commend itself to sympathy or leniency. But it is unnecessary to attempt to lay down any rule for determining exactly what is necessary to render a punishment cruel and unusual or under what circumstances this court will interfere with the decision of a state court in respect thereto. It is enough to refer to *In re Kemmler*, 136 U. S. 436, in which these questions were discussed, and to say that a sentence of ten years for an offense of the nature disclosed by the testimony, especially after it has been sustained by the Supreme Court of a State, does not seem to us deserving to be called cruel. If the effect of this sentence is to induce like criminals to avoid its territory, North Carolina is to be congratulated, not condemned. Doubtless there were sufficient reasons for giving to one of the conspirators a less term than the others. At any rate, there is no such inequality as will justify us in setting aside the judgment against the two.

So far as respects the sentence of the defendants to the penitentiary instead of to work on the public roads, section 4, chap. 355, pp. 630, 631, Laws, N. C., March 7, 1887, in terms warrants it, for that provides that when the judge presiding is satisfied that there is good reason to fear an attempt to release or injure any person convicted of any of the offenses, for which sentences to work on the public roads may be imposed, it shall be lawful for him to sentence to imprisonment in the penitentiary. It is true there is no recital of any such reason to fear, but we cannot hold in the face of the decision of the Supreme Court of the State that the omission of such recital invalidates the judgment.

Again, it is said that there was not due process, because the trial judge refused to instruct the jury on the presumption of innocence. He did charge that the guilt of the accused must

be shown beyond a reasonable doubt, and that on a failure in this respect it was the duty to acquit. He also explained what is meant by the term "reasonable doubt." The Supreme Court sustained the charge. Of course, that is a decision of the highest court of the State that in a criminal trial it is sufficient to charge correctly in reference to a reasonable doubt and that an omission to refer to any presumption of innocence does not invalidate the proceedings. In the face of this ruling as to the law of the State, the omission in a state trial of any reference to the presumption of innocence cannot be regarded as a denial of due process of law.

These are the principal matters presented by counsel. Some of them were argued elaborately both in brief and orally; especially that in reference to the absence of any statute providing for the punishment of conspiracy, and the alleged absence of any common law offense of that nature. We have not deemed it necessary to review the various authorities, or enter upon any discussion of the matter, because we are of opinion that the decision of the Supreme Court of the State in reference thereto is conclusive upon us.

It does not appear that the Federal character of the questions was presented to the Supreme Court of the State, although in the opinions of the Supreme Court the questions themselves were fully discussed. But in the absence of any claim to protection under the Federal Constitution, we are compelled to hold that we have no jurisdiction in the case coming from the Supreme Court of the State, and the writ of error will be.

*Dismissed.*

The same questions were presented in the *habeas corpus* case, and as that comes to us from a Federal Court we have jurisdiction, and in that case the judgment will be

*Affirmed.*

The motions in respect to change of custody of the defend-

ants will, in view of the conclusion on the merits of the cases, be denied.

MR. JUSTICE HARLAN concurs in the result.