Edward L. DOWNEY, Petitioner-Appellant,

v.

E. P. PERINI, Superintendent, Respondent-Appellee.

No. 74–1929.

United States Court of Appeals, Sixth Circuit.

July 3, 1975.

2.  *TEC Corp. v. Nuclear Dynamics, Inc.*, 397 F.Supp. 702 (E.D.Ky., Pikeville Div., 1974).

Ovid C. Lewis, Cleveland, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, Thomas D. Rooney, Leo J. Conway, Asst. Attys. Gen., for respondent-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

This case concerns the Eighth Amendment prohibition against cruel and unusual punishment. Petitioner was found guilty by a jury in the Court of Common Pleas of Cuyahoga County, Ohio of violating Ohio Revised Code (ORC) § 3719.-20(A), possession of marijuana for sale, and ORC § 3719.20(B), sale of marijuana. This was petitioner's first drug-related offense, and the amounts of marijuana involved were very small. Petitioner received indeterminate sentences which embodied the statutory minimum and maximum provided for each violation: 10 to 20 years imprisonment for possession for sale and 20 to 40 years for sale. It was ordered that the sentences run consecutively, resulting in a total sentence of 30 to 60 years for the two offenses.

On direct appeal to the Ohio Court of Appeals one of the issues raised by Downey was that his sentence constituted cruel and unusual punishment in violation of the Constitutions of the United States and Ohio. The court of appeals affirmed his conviction and sentence, relying on the decision of the Supreme Court of Ohio in *State* v. *Chaffin*, 30

Ohio St.2d 13, 282 N.E.2d 46 (1972). Petitioner then attempted to appeal to the Supreme Court of Ohio, assigning as error the same claims which he had made in the court of appeals. The motion for appeal was denied and Downey did not seek review by the Supreme Court of the United States. This appeal results from the dismissal by the district court of his petition for a writ of habeas corpus.

It is clear that the words "cruel and unusual punishment" do not have a rigid and immutable meaning. Though this particular provision of the Bill of Rights has not been considered by the courts as often as some others, a survey of the Supreme Court opinions dealing with it reveals an evolving concept. While the authors of the Amendment may well have been primarily concerned with certain barbaric forms of punishment used in England and Europe prior to our independence,[1] it has long been settled that all punishments are subject to the requirement that they be proportionate to the offense for which they are administered. *See Weems* v. *United States,* 217 U.S. 349, 367–68, 30 S.Ct. 544, 54 L.Ed. 793 (1910); *compare* dissenting opinion of Mr. Justice Field in *O'Neill* v. *Vermont,* 144 U.S. 323, 339, 12 S.Ct. 693, 36 L.Ed. 450 (1892). The Court in *Weems* was primarily concerned with the kind of punishment inflicted; nevertheless, the requirement that the punishment not be disproportionate applies to the length of sentence as well. *See, e. g.,* 217 U.S. at 368–71, 30 S.Ct. 544.

The Supreme Court has never held a sentence of imprisonment to constitute cruel and unusual punishment solely because of its length. However, in *Howard* v. *Fleming,* 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121 (1903), the Court did hear an Eighth Amendment challenge based on the length of sentence alone. The Court found that the ten-year sentence imposed in that case was not invalid as cruel and unusual punishment after considering the appeal on its merits.

■ Some courts have held that length of sentence may not be the sole basis of a finding of cruel and unusual punishment. *See, e. g., Smith* v. *United States,* 273 F.2d 462, 467–68 (10th Cir. 1959) *cert. denied,* 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729 (1960); *Anthony* v. *United States,* 331 F.2d 687, 693–94 (9th Cir. 1964); *Rener* v. *Beto,* 447 F.2d 20, 23 (5th Cir. 1971) *cert. denied,* 405 U.S. 1051, 92 S.Ct. 1521, 31 L.Ed.2d 787 (1972). However, in considering an Eighth Amendment challenge to a statute which provided a maximum of five years' imprisonment, this court in *Hemans* v. *United States,* 163 F.2d 228, 237, (6th Cir.) *cert. denied,* 332 U.S. 801, 68 S.Ct. 100, 92 L.Ed. 380 (1947), stated:

We need not pause long to reject the invalid argument of appellant that the federal statute which he violated inflicts cruel and unusual punishment in contravention of the Eighth Amendment to the Constitution of the United States. Historically viewed, the Eighth Amendment was adopted to prevent inhuman, barbarous, or torturous punishment, *though long-term imprisonment could be so disproportionate to the offense as to fall within the inhibition.* (Emphasis added.)

Thus we agree with the appellant that a sentence which is disproportionate to the crime for which it is administered may be held to violate the Eighth Amendment solely because of the length of imprisonment imposed.

■ A court is not free to apply purely subjective criteria to determine whether a particular sentence or statutory range of sentences offends the Constitution. The Supreme Court, in *Weems, supra,* suggested an objective standard of comparing the particular punishment under review with those provided for other crimes by the same jurisdiction, and those provided for the same offense by other jurisdictions. 217 U.S. at 380–81, 30 S.Ct. 544. Though *Furman* v. *Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33

---

1. *See* Granucci, "Nor Cruel and Unusual Punishments Inflicted: The Original Meaning," 57 Calif.L.Rev. 839, 860–865 (1969).

L.Ed.2d 346 (1972), was concerned with kind as opposed to length of punishment, the opinions of the Court in that case are instructive in the present inquiry. The majority of the Court relied heavily on comparisons of sentences for other crimes and those permitted in other jurisdictions, and other statistical data, in determining that the death penalty as administered constituted cruel and unusual punishment. The evolving nature of the concept was recognized in references to the need to conform punishments to the conscience of contemporary society. *See, e. g.,* opinion of Mr. Justice Marshall, 408 U.S. at 329, 92 S.Ct. 2726. Mr. Justice Brennan found a common thread in previous Supreme Court decisions holding particular punishments to be cruel and unusual in that each was "degrading to human dignity," a concept first applied in an Eighth Amendment setting in *Trop* v. *Dulles,* 356 U.S. 86, 100, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). Finally, the opinion of Mr. Justice Brennan set forth this test:

> The test, then, will ordinarily be a cumulative one: If a punishment is unusually severe, if there is a strong probability that it is inflicted arbitrarily, if it is substantially rejected by contemporary society, and if there is no reason to believe that it serves any penal purpose more effectively than some less severe punishment, then the continued infliction of that punishment violates the command of the Clause that the State may not inflict inhuman and uncivilized punishments upon those convicted of crimes.

408 U.S. at 282, 92 S.Ct. at 2748.

We look to the minimum sentences provided by each of the statutes— 10 years under ORC § 3719.20(A) for possession for sale and 20 years under ORC § 3719.20(B) for sale—not the total sentence which resulted from the discretionary act of the trial judge in ordering that the two sentences be served consec-

utively. In some cases sentences under admittedly constitutional statutes have been held to constitute cruel and unusual punishment as applied to particular facts. *E. g., Hart* v. *Coiner,* 483 F.2d 136 (4th Cir.), *cert. denied,* 415 U.S. 938, 983, 94 S.Ct. 1454, 1577, 39 L.Ed.2d 495, 881 (1973). However, when a sentence is within the statutory limits and it is argued that the statute provides for punishment that violates the Eighth Amendment, this is an attack on the constitutionality of the statute itself. *United States* v. *Dawson,* 400 F.2d 194, 200 (2d Cir. 1968), *cert. denied,* 393 U.S. 1023, 89 S.Ct. 632, 21 L.Ed.2d 567 (1969). In *Weems* the Supreme Court said, "Let us confine it to the minimum degree of the law, for it is with the law that we are most concerned." 217 U.S. at 366, 30 S.Ct. at 548.

It appears from addenda to appellant's brief that Ohio's 20-year minimum penalty upon conviction for sale of marijuana is the most severe punishment for this offense imposed by any state. One other state provides a 10-year minimum, five have a minimum of 5 years and 28 states have minimum fines with no minimum imprisonment. Of the states which provide separate penalties for sale and possession for sale, Ohio's ten-year minimum for possession for sale far exceeds that of any other state with a minimum imprisonment requirement. Most states have no minimum sentence of incarceration for possession for sale.

Comparison of the Ohio marijuana penalties with those provided for various other crimes under Ohio law is also revealing. The Ohio legislature has drastically reduced the penalties for nearly all criminal violations in recent years.[2] The Revised Criminal Code of Ohio provides that the minimum sentence for crimes classified as first degree felonies shall be 4 to 7 years.[3] Thus for the crime of kidnapping,[4] formerly carrying a sen-

---

2. The Act Revising the Criminal Code of Ohio, Amended Statute H.B. 511 (Eff. 1-1-74).

3. ORC § 2929.11(B)(1).

4. ORC § 2905.01(C).

tence of 20 years to life, the minimum is 4 to 7 years. Many other violent crimes, such as armed robbery[5] and burglary,[6] rape[7] and voluntary manslaughter[8] are punishable by the same minimum sentence, 4 to 7 years. The crime of assault with a deadly weapon, even when serious physical harm results, is classified as a second degree felony[9] and thus carries a minimum sentence of only 2 to 5 years. In fact, murder and aggravated murder[10] and forcible rape of a person under 13 years of age[11] are the only offenses for which the Criminal Code prescribes a minimum penalty of more than 4 to 7 years.

This brief tabulation makes it clear that the minimum penalties required for conviction of violating ORC § 3719.20(A) and (B) far exceed those provided for other offenses, including crimes involving violence. We can discern no rational basis for imposing a minimum prison sentence of 10 years for possession for sale, or 20 years for sale of marijuana, while requiring much lower minimum sentences for the very serious offenses listed herein. Moreover, although it has reduced the penalty for simple possession of marijuana, unlike the other states Ohio has not revised its penalties for the marijuana-related offenses involved in this case in keeping with evolving concepts of justice and penology. As a result of an amendment to the Ohio Revised Code, effective September 16, 1970, marijuana is no longer classified as a narcotic drug. It now falls within the definition of hallucinogens, ORC § 3719.-40, possession and sale of which is prohibited by § 3719.44. The penalties for sale and possession for sale have not changed, however, because narcotic drugs and hallucinogens are penalized under the same sentencing statute, ORC § 3719.99(D) and (F).

■ Upon consideration of the relevant factors we conclude that the sentence imposed on Downey, in response to the requirements of the Ohio statute, was excessive in length and disproportionate to the nature of the offenses for which he was convicted. The legitimate legislative purposes which have led the State of Ohio to treat possession for sale and sale of marijuana as criminal acts may be achieved without the imposition of penalties which are neither proportionate to the offenses nor in keeping with contemporary standards. *Furman v. Georgia, supra; Weems v. United States, supra.*

The judgment of the district court is reversed, and the cause is remanded with instructions that the writ of habeas corpus issue.

JOHN W. PECK, Circuit Judge (dissenting).

I do not conceive that the framers of the Constitution contemplated, nor that that document enunciated, that punishment could be determined to be "cruel and unusual" on the basis of its duration alone, and on that ground respectfully dissent.

---

5. ORC § 2911.01(B).
6. ORC § 2911.11(B).
7. ORC § 2907.02(B).
8. ORC § 2903.03(B).

9. ORC § 2903.11(B).
10. ORC §§ 2903.02 and 2903.01.
11. ORC § 2907.02(B).