**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL RATZLAFF,

Defendant-Appellant

No. 05-2112
District of New Mexico
(D.C. No. CV-04-197 LH/LCS)

**ORDER**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Daniel Ratzlaff, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because he has failed to make "a substantial showing of the denial of a constitutional right," we deny the request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

**I. Facts and Procedural History**

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

In August and September of 2002, Mr. Ratzlaff and his co-defendant, Jesse Barela, engaged in a conspiracy to distribute methamphetamine in the Farmington, New Mexico area. In October 2002, a federal grand jury indicted Mr. Ratzlaff on one count of conspiracy to distribute 50 grams or more of methamphetamine (under 21 U.S.C. § 846), one count of possession with intent to distribute 50 grams or more of methamphetamine (under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)), two counts of distribution of less than 50 grams of a mixture containing methamphetamine (under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)), and two counts of carrying a firearm during and in relation to a drug trafficking crime (under 18 U.S.C. § 924(c)(1)(A)(I)). As charged, Mr. Ratzlaff faced a mandatory minimum sentence of 480 months in prison: a mandatory minimum of 120 months as to each of the drug charges, plus a mandatory consecutive 60-month sentence on the first firearms charge and a mandatory consecutive 300-month sentence on the second firearms charge.

The same grand jury charged Ms. Barela with one unique count for distribution of less than 50 grams of methamphetamine (under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)), plus the possession count, one of the two distribution counts, and one of the two firearms counts.

On April 14, 2003, Mr. Ratzlaff entered a guilty plea as to the conspiracy, possession, and distribution counts against him, as well as one of the two firearms

2

counts. Pursuant to the plea agreement, prosecutors dismissed the other firearms charge and Mr. Ratzlaff waived the right to appeal his sentence. On September 17, 2003, Mr. Ratzlaff was sentenced to a total of 180 months in prison, representing the mandatory minimum 120 months in prison on the drug counts plus a consecutive sentence of 60 months on the remaining firearms count, under the then-binding Sentencing Guidelines. He took no direct appeal from his sentence. His co-defendant Ms. Barela received a sentence of four years, or roughly 25%, shorter than his own.

Mr. Ratzlaff filed a timely motion to vacate his sentence under 28 U.S.C. § 2255 on February 20, 2004, and a "supplement" to that motion on June 1, 2004. The district court, adopting the factual findings and disposition recommended by the Magistrate Judge, denied the petition on April 7, 2005. It denied Mr. Ratzlaff's request for a COA on May 24, 2005.

## II. Claims on Appeal

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different

3

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

In this request for a COA, Mr. Ratzlaff has abandoned all challenges based on his guilty plea, and instead contests only the constitutionality of his sentence. He argues that the sentence violated his rights in three ways: (1) by imposing a punishment disproportionate to the underlying criminal activity in violation of the Eighth Amendment; (2) by imposing a punishment disproportionate with the sentence received by his co-defendant Ms. Barela, despite her greater culpability for the crimes, in violation of the Equal Protection Clause; and (3) by lengthening his term of imprisonment beyond the statutory maximum based on facts about drug quantities determined by a judge, rather than by a jury beyond a reasonable doubt, in violation of the Sixth Amendment. He also argues that he received ineffective assistance of counsel in violation of the Sixth Amendment, principally because his trial counsel failed to raise these challenges to his sentence.

Because Mr. Ratzlaff concedes that he failed to present any of these challenges during sentencing or on direct appeal,[1] each of them is procedurally

---

[1]Mr. Ratzlaff states, without elaboration, that "[a]t sentencing, the colloquy was insufficient to support a conclusion that Ratzlaff knew he was waiving his right to make a later motion under 28 U.S.C. § 2255," and that his waiver therefore was "not knowing and voluntary." App. Br. 4. He identifies no specific
(continued...)

4

barred, *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002), unless he can demonstrate either (1) "cause" for his failure to raise the issue earlier, along with "actual prejudice" as a result, or (2) that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Mr. Ratzlaff makes no allegation of actual innocence. He also offers no explanation, other than the ineffectiveness of his trial counsel, for his failure to raise his constitutional challenges at sentencing or on direct appeal. Because ineffective assistance of counsel, if proven, can satisfy the requirement of "cause," *see Murray v. Carrier*, 477 U.S. 478, 488–89 (1986), we must consider whether a COA should issue with respect to that claim. We will consider the other procedurally barred challenges to the sentence only insofar as they might demonstrate prejudice resulting from trial counsel's omissions.

## A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate both (1) that his attorney's conduct fell below an objective standard of reasonableness, and (2) that his attorney's errors prejudiced the result of the

---

[1](...continued)
defects in the colloquy, however, and in fact provides no information at all about the waiver, making it impossible for this Court to evaluate his claim, let alone conclude that he has made a "substantial showing" of a denial of his constitutional rights on that basis. We therefore accept the district court's finding that Mr. Ratzlaff knowingly and voluntarily waived his right to a direct appeal.

proceedings. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Mr. Ratzlaff principally argues that his trial counsel was ineffective for failing to raise the constitutional challenges, discussed below, that he raises with respect to his sentence. He also raises a new objection, not presented to the district court in his petition, that "Defense Counsel should also have raised issue to [sic] Ratzlaff's aberrant behavior and the fact that it would be unlikely for Ratzlaff to ever become involved in drug activity in the future." He argues that counsel was ineffective for failing to request a downward departure on these grounds. It is not clear how this alleged failure prejudiced Mr. Ratzlaff, given that he already received the lightest sentence possible based on the mandatory minimum for his crimes. Regardless, an appellate court "will not consider an issue raised for the first time on appeal," *Tele-Communications, Inc. v. Comm'r of Internal Revenue*, 104 F.3d 1229, 1232–33 (10th Cir. 1997), and there is no use in granting a certificate of appealability on an issue we could not reach.

**B. Disproportionality Under the Eighth Amendment**

Mr. Ratzlaff argues that his trial counsel was ineffective for failing to object to his sentence on the grounds that a 180-month prison term was so disproportionate to his drug trafficking crimes that it amounted to cruel and unusual punishment under the Eighth Amendment. This Court "applies a 'narrow proportionality principle' in analyzing non-capital sentences under the Eighth

6

Amendment." *United States v. Munro*, 394 F.3d 865, 872 (10th Cir. 2005) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996–97 (1991) (Kennedy, J., concurring)). According to this principle, a sentence is unconstitutional only if, "based generally on a review of the gravity of the offense and comparing sentences imposed on other criminals and for other crimes in the jurisdiction," the court finds "'extreme circumstances . . . [that] lead[] to an inference' that the sentence is grossly disproportionate to the crime." *Id.* (quoting *Harmelin*, 501 U.S. at 1006). In *Harmelin*, the Supreme Court upheld a mandatory minimum life sentence, without the possibility of parole, for cocaine possession. *See Harmelin*, 501 U.S. at 994–95.

Mr. Ratzloff has made no substantial showing that such "extreme circumstances" exist here. The drug trafficking and firearms statutes under which Mr. Ratzloff was sentenced in fact authorize far higher sentences, including life in prison, which the sentencing court declined to impose. Mr. Ratzlaff baldly states that only 1.1 grams of methamphetamine could be traced to his own conduct, yet he pled guilty to both conspiracy to distribute and possession with intent to distribute more than 50 grams. Even if he is correct that he served "merely" as an armed bodyguard for Ms. Barela during drug transactions, or that he bears less culpability overall than she does for the methamphetamine recovered by police, the Eighth Amendment governs the proportionality of sentences

7

generally, with respect to all similarly situated defendants, not specifically as to individual co-defendants. Under our precedents, "'[u]ndue leniency in one case does not transform a reasonable punishment in another case [into] a cruel one.'" *United States v. Baer*, 575 F.2d 1295, 1299 (10th Cir. 1978) (quoting *Howard v. Fleming*, 191 U.S. 126, 136 (1903)). Mr. Ratzlaff has not demonstrated, as he must, that his sentence is grossly disproportionate to the punishments handed down against comparable criminals under these or closely related statutes. He therefore cannot show that his counsel's failure to raise the issue prejudiced the outcome of his sentencing.

## C. Disproportionality Under the Equal Protection Clause

Next, Mr. Ratzlaff argues that his sentence was so disproportionate to Ms. Barela's sentence that it violates the principle of equal protection, applicable against the federal government by virtue of the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 498–99 (1954). Because Mr. Ratzlaff makes no claim that this treatment resulted from a suspect classification, his sentence comports with the equal protection of the laws so long as it is rationally related to a legitimate government interest. *See United States v. Horn*, 946 F.2d 738, 746 (10th Cir. 1991) (upholding a sentencing disparity between co-defendants because "a rational connection exists between obtaining information concerning narcotics and providing an opportunity for a sentence reduction in exchange for such

8

information"). We routinely uphold disparities in sentencing that can be explained based on the circumstances of the case. *See United States v. Sardin*, 921 F.2d 1064, 1067–68 (10th Cir. 1990).

In support of his claim that the sentences were disproportionate, Mr. Ratzlaff argues that Ms. Barela bears greater culpability for the crimes for several reasons: she physically held or stashed the methamphetamine during their drug deals; he "was merely a bodyguard" for her; and she acted as "the controlling party in every drug transaction." Yet he also concedes that he directed one of the drug deals without the involvement of Ms. Barela, and in his plea agreement he admitted to two violations of the drug laws for which Ms. Barela was not charged. If Ms. Barela bears more responsibility for holding the drugs, then surely Mr. Ratzlaff bears more responsibility for holding the firearms—a separate offense which carried with it a mandatory consecutive sentence. The disparity in sentencing in this case is just 25%, and apparently reflected differences in the applicable sentencing ranges under the federal guidelines, which are designed to treat defendants differently depending on their individual circumstances. For example, under the guidelines, a defendant's prior criminal history dramatically influences the recommended sentencing range, and Mr. Ratzlaff provides us with no basis for comparison as to that factor. In short, Mr. Ratzlaff has fallen far short of a "substantial showing" that the disparate treatment of Mr. Ratzlaff and

9

Ms. Barela was wholly irrational. Trial counsel's failure to raise the issue therefore caused no prejudice.

**D. Judicial Factfinding of Drug Quantities**

The lengthiest argument in Mr. Ratzlaff's petition is that his sentence was unconstitutionally increased based on drug quantities found by the sentencing judge, rather than a jury, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Liberally construing his *pro se* petition, we interpret his challenge as an allegation of constitutional error under *United States v. Booker*, 125 S. Ct. 738, 756 (2005), which extended *Apprendi* to judicial factfinding under the federal sentencing guidelines. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731–32 (10th Cir. 2005) (en banc).

The claim fails because Mr. Ratzlaff's guilty plea and sentence became final in the autumn of 2003, well before the Supreme Court handed down *Booker*. This Court has held that "*Booker* does not apply retroactively to initial habeas petitions." *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (denying a COA to a federal prisoner, sentenced in 2003, who raised a *Booker* challenge). Because the *Booker* objection is legally flawed, trial counsel was not ineffective for failing to raise it.

### III. Conclusion

Mr. Ratzlaff has made no substantial showing that he received ineffective

10

assistance of counsel, and none of his constitutional claims deserve encouragement. Accordingly, we **DENY** his request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge